# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| LARRY D. DOYLE,<br><br>Plaintiff,<br><br>v.<br><br>P&B CAPITAL GROUP, LLC,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 2:21-cv-00004<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes LARRY D. DOYLE ("Plaintiff"), by and through the undersigned attorneys, complaining as to the conduct of P&B CAPITAL GROUP, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Missouri and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Missouri.

### PARTIES

4. Plaintiff is a natural person over 18 years-of-age.

1

5. Defendant is a third party debt collector claiming that it is "Leading the Way in Accounts Receivable Management."[1] Defendant is a limited liability company organized under the laws of the state of New York with its principal place of business located at 455 Center Rd., West Seneca, New York 14224. Defendant regularly collects upon consumers located in the state of Missouri.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, third-party contractors, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of Defendant's attempts to collect upon an outstanding debt ("subject debt") that Plaintiff allegedly owed to Comenity Bank.

9. Around January 2021, Plaintiff began receiving calls to his cellular phone, (573) XXX-0142, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -0142. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has called Plaintiff using various phone numbers, including but not limited to (734) 237-6938 and (912) 662-0263.

12. Upon information and belief, the above aforementioned phone numbers are regularly utilized by Defendant during its debt collection activity.

---

[1] http://www.pandbllc.com/services.aspx

13. Plaintiff, through his contacts with Defendant, was informed that Defendant was calling regarding a Comenity account.

14. Upon speaking to Defendant, Plaintiff requested that Defendant cease contacting him.

15. Defendant willfully ignored Plaintiff's pleas and continued placing phone calls to Plaintiff's cellular phone seeking payment on the subject debt.

16. Despite Plaintiff's efforts and financial situation, Defendant has continued to regularly call his cellular phone up until the filing of this lawsuit.

17. Plaintiff has received numerous phone calls from Defendant since asking it to stop calling.

18. Furthermore, on or around January 6, 2021, Plaintiff received a voicemail message from Defendant to his cellular phone number.

19. Defendant's voice message failed to identify that Defendant was a debt collector, that its phone call was placed in an attempt to collect the subject debt, and further failed to inform Plaintiff that any information Defendant gathered would be used for its collection purposes.

20. As a result of Defendant's failure, Plaintiff was put at a material risk of disclosing information to Defendant that would not have been disclosed had Defendant properly identified itself in the voicemail message.

21. Frustrated over Defendant's conduct, Plaintiff spoke with his undersigned attorney regarding his rights, resulting in exhausting time and resources.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, and emotional distress.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 2005.[2]

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA §1692c(a)(1) and §1692d**

29. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop.  Defendant called Plaintiff numerous times after he demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's cellular phone in spite of Plaintiff's demands and financial situation was harassing and abusive.  The frequency and nature of calls

---

[2] https://www.acainternational.org/search

shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

31. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### b. Violations of FDCPA § 1692e

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector……." 15 U.S.C. §1692e(11).

34. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting him Defendant continued to contact Plaintiff. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him when it no longer had consent to do so.

5

35. Defendant further violated §1692e(11) when it failed to properly apprise Plaintiff of the fact that it is a debt collector attempting to collect upon the subject debt and any information would be used for that purpose in the voicemail message it sent Plaintiff. By failing to disclose itself as a debt collector attempting to collect a debt, Defendant deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA and deceive Plaintiff into providing information that would not be provided had Defendant's identity been made clear. Consequently, Defendant's objective was to obfuscate its status as a debt collector in order to prevent Plaintiff from enforcing his rights under the FDCPA and to further compel Plaintiff to disclose sensitive information. Defendant used such deceptive means in order to coerce Plaintiff into satisfying the subject debt.

    **c.   Violations of FDCPA § 1692f**

36. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff numerous times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

38. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, LARRY D. DOYLE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

    e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 13, 2021                        Respectfully submitted,

                                                    s/ Nathan C. Volheim
                                                    Nathan C. Volheim, Esq. #6302103
                                                    *Counsel for Plaintiff*
                                                    Sulaiman Law Group, Ltd.
                                                    2500 South Highland Ave., Suite 200
                                                    Lombard, Illinois 60148
                                                    (630) 568-3056 (phone)
                                                    (630) 575-8188 (fax)
                                                    nvolheim@sulaimanlaw.com